UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ENRIQUE TOC, on behalf of himself
and others similarly situated,

Dkt. No.   20-CV-2339

                             Plaintiffs,

**CLASS ACTION COMPLAINT**

    -against-

SNL MEAT AND PRODUCE CORP. d/b/a
KEY FOOD 1588,

                            Defendants.
--------------------------------------------------------------X

## INTRODUCTORY STATEMENT

1. Plaintiff Enrique Toc, a Guatemalan immigrant who speaks little English, brings this case on behalf of all non-exempt grocery workers ("grocery workers") who worked for Defendant, SNL Meat and Produce Corp. d/b/a Key Food 1588 ("SNL"), at Key Food, 599 Avenue Z in Brooklyn, New York. Plaintiff and the putative class worked in the produce, meat and/or dairy departments at Key Food stocking, checking, unloading, loading, arranging and packaging food items and were not paid time and one-half for all of the hours they consistently worked in excess of 40 in a week. Instead, they were paid a modest weekly rate of pay regardless of the number of hours they worked. Plaintiff and the putative class were also not provided with wage notices or wage statements, as required by New York law.

2. Plaintiff brings this action on behalf on behalf of himself and all similarly situated current and former grocery workers (the "FLSA Collective") who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the Fair Labor Standards Act ("FLSA") that occurred while employed by Defendant from May 25, 2017 to

present, specifically related to unpaid overtime wages. Plaintiff and the FLSA Collective seek injunctive and declaratory relief, compensation for their failure to pay overtime wages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA.

3. Plaintiff also brings this action on behalf of himself and all similarly situated current and former grocery workers to remedy violations of the wage-and-hour provisions of the New York Labor Law ("NYLL") that occurred while employed by Defendant from May 25, 2014 to present, specifically related to unpaid overtime wages.

4. Finally, Plaintiff brings this lawsuit on behalf of all grocery workers who work or worked for Defendant from May 25, 2014 to the present who Defendant failed to provide proper and legally sufficient hiring notice and pay statement notice to as required under NYLL Sec. 195(1) and 195(3).

5. Plaintiff seeks to certify classes under Rule 23 on behalf of Defendant's grocery workers who were not paid time and one-half for those hours they worked over 40 in a week and on behalf of Defendant's grocery workers who were not provided legally sufficient hiring notice and pay statement notices under NYLL §195.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 42 U.S.C. § 1981, 29 U.S.C. §§ 216(b)(c), and 217 and 28 U.S.C. § 1337. This Court has supplemental jurisdiction

over the New York State Labor Law claims under the principles of pendent and ancillary jurisdiction.

7.  Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

8.  The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

## PARTIES

9.  Enrique Toc is a 19 year old individual who came to this country from Guatemala in 2017 seeking a safer and better way of life. He currently resides in Kings County, New York and was employed by Defendant SNL in Kings County, New York from November 2017 to April 2020.

10.  Defendant SNL Meat and Produce Corp. d/b/a Key Food 1588 ("SNL") is a New York corporation engaged in the retail sale of food and grocery items at 599 Avenue Z in Brooklyn, New York, its principle place of business. SNL currently employs at least 30 non-exempt grocery workers who work in its store on Avenue Z in Brooklyn, New York. At all times relevant to this action, Defendant SNL was an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant SNL has (a) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. The claims in this Complaint arising out of the FLSA are brought by Plaintiff Toc on behalf of himself and other similarly situated grocery workers (FLSA Collective) who are current and former employees of SNL since the date three years prior to the filing of this Complaint who elect to opt-in to this action.

12. On information and belief, the FLSA Collective consists of at least 75 similarly situated current and former employees of SNL who have been victims of Defendant's common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

13. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policies include, *inter alia*, the following:

> -failing to pay employees the applicable overtime rate for all hours worked; and,
> -failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

14. Defendant has engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendant's unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiffs and the FLSA Collective.

15. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are known to Defendant, are readily identifiable and locatable through its records.

These similarly situated employees should be notified and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

16. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

17. Defendant failed to compensate Plaintiff Toc and members of the FLSA Collective at the overtime rate for all hours worked. The exact accounting of such discrepancy can only be determined upon completion of discovery.

18. Plaintiff and members of the FLSA Collective were not given notice in the language that they understand (Spanish) containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

19. Defendant paid Plaintiff and members of the FLSA Collective wages without any accompanying statement in the language that they understand (Spanish) listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## THE RULE 23 CLASS

20. The proposed Rule 23 class is comprised of all non-exempt grocery workers who worked for Defendant SNL during the applicable period at its supermarket located at 599 Avenue Z in Brooklyn, New York.

21. Plaintiff and the non-exempt grocery workers were not provided the proper hiring notice and statement notice and typically worked more than 40 hours in a week and were not paid time and one-half for all work performed after 40 hours (the "Rule 23 Class").

22. The identity of the Rule 23 Class is readily ascertainable from Defendant's records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure. To be effective, class notice should be provided in English and Spanish through written text and mail communication to each class member's last known cellular phone number and address as reflected in Defendant's records.

23. The size of the class makes a class action both necessary and efficient. The size of the class consists of at least 75 employees. Members of the class are ascertainable but so numerous that joinder is impracticable.

24. This case poses common questions of law and fact affecting the rights of all class members, including:

> -the policies, practices, programs, procedures, protocols, and plans of Defendant regarding payment of overtime wage compensation;
>
> -whether Defendant failed to keep accurate records of the dates, time and hours the putative class worked at the supermarket;

      -whether Defendant paid Plaintiff and the putative class time and one-half for each of the hours they worked in excess of 40 in a week;

      - whether Defendant provided Plaintiff and the putative class legally sufficient hiring notice in compliance with NYLL §195(1); and,

      -whether Defendant provided Plaintiff and the putative class legally sufficient wage statement notice in compliance with NYLL §195(3);

25. The claims of Plaintiff Toc are typical of the claims of the class as a whole. SNL's unlawful policies are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

26. Plaintiff Toc can adequately and fairly represent the interests of the class as defined above, because his individual interest in this case a consistent with, and not antagonistic to, the interests of the class.

27. Defendant SNL has implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole.  Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  The prosecution of separate actions against SNL by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for SNL.

28. This action is properly maintainable as a class action under Federal Rule of Civil Procedure ("FRCP") 23(b)(3).

# FACTS

29. SNL owns and operates a supermarket, known as Key Food, located at 599 Avenue Z in Brooklyn, New York.

30. SNL's Key Food, like nearly all Key Food supermarkets, has aisles of food, produce, vegetables, meats and dairy products that it receives from wholesalers and distributors and sells retail to customers.

31. SNL employs many non-exempt grocery workers, many of whom are recent immigrants from South and Central America, and task them to unload, load, stock, check, arrange and package food, produce, meat and dairy products during their work day.

32. SNL's Key Food is open for business from 7 a.m. to 11 p.m. seven days per week.

33. Plaintiff Toc and the other non-exempt grocery workers worked at the store for at least eight hours per day, six days per week, and often more than eight hours per day.

34. Plaintiff Toc was off from work on Tuesdays but worked at least from 8 a.m. to 5 p.m. on each of the other six days a week.

35. SNL paid Plaintiff Toc and the other non-exempt grocery workers each week by check and cash. Payday was on Thursday.

36. SNL did not provide Plaintiff Toc his check stub or any other document to reflect the amount of any money withheld for tax purposes or to clarify the number of hours he worked and his rate of pay per hour.

37. Plaintiff Toc, along with his non-exempt grocery worker colleagues, all regularly worked more than 40 hours per week and were not paid time and one-half their regular rate of pay by SNL in violation of the FLSA and NYLL.

38. Plaintiff Toc is aware that his colleagues Gonzalo, Juan, Martin and Monchoo all regularly worked more than 40 hours per week and were not paid time and one-half their regular rate of pay by SNL.

39. On or about July 2018, Defendant SNL changed the way in which it paid it non-exempt grocery workers and began to pay them exclusively with cash.

40. Plaintiff Toc and the other non-exempt grocery workers continued to work six days per week and more than 40 hours in a week and were not paid time and one-half in violation of the FLSA and NYLL.

41. Starting in or around July 2018, SNL paid Plaintiff Toc $600 cash per week for all of the hours he worked.

42. In or around late February 2020, Defendant SNL required Plaintiff and the non-exempt grocery workers to work even more hours per week, presumably due to the Covid-19 pandemic.

43. In consideration for those additional Covid-19 overtime hours, Defendant SNL paid Plaintiff Toc and the other non-exempt grocery workers an additional $20 per week in cash.

44. All documents that Defendant SNL provided to Plaintiff and the non-exempt grocery workers that notified them of their rights under the NYLL were in English despite the fact that SNL was aware that Plaintiff and most of the non-exempt grocery workers spoke and read very little English.

45. All documents that Defendant SNL provided to Plaintiff and the non-exempt grocery workers that notified them of their rights under the NYLL were inaccurate in that they did not contain the correct amount of hours they worked and/or the correct amount of money they received.

46. Throughout his employment with Defendant, Plaintiff Toc regularly worked more than 40 hours each week and was not paid time and one-half his regular rate of pay in violation of the FLSA and NYLL.

### Defendants' Violations of the Wage Theft Prevention Act

The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

Throughout the relevant time period, Defendants paid Plaintiffs and the Non-Exempt Class' wages without any accompanying statement, in Spanish or otherwise, listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

Plaintiffs and the Non-Exempt Class were never given a notice, in Spanish or otherwise, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.
### (Brought on behalf of Plaintiff and the FLSA Collective)

47. Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of forty (40) hours per workweek.

49. At all relevant times throughout Plaintiff's employment, Defendant operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times their regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

50. At all relevant times throughout Plaintiff's and the FLSA Collective's employment, Defendant willfully, regularly and repeatedly failed to pay the required overtime rate of one and

one-half times their regular hourly rate for hours worked in excess of forty (40) hours per workweek.

51. Defendant's decision not to pay overtime was willful.

52. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
**(Brought on behalf of Plaintiff and the Rule 23 non-exempt grocery worker class)**

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. At all times relevant to the action, Plaintiff and the Rule 23 non-exempt grocery worker class were employed by Defendant within the meaning of NY Labor Law § 652 and 12 NYCRR § 142-2.2.

55. Defendant failed to pay Plaintiff and the Rule 23 non-exempt grocery worker class the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

56. Defendant's failure to pay required overtime was willful.

57. As a result of Defendant's NY Labor Law violations, Plaintiff and the Rule 23 non-exempt grocery worker class are entitled to recover from Defendant unpaid overtime wages and

liquidated damages, as well as reasonable attorneys' fees and the costs of the action, including interest, pursuant to the NY Labor Law.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on behalf of Plaintiff and the non-exempt grocery worker class)

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendant willfully failed to provide Plaintiff and the non-exempt grocery worker class with annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

Through their knowing or intentional failure to provide Plaintiff and the non-exempt grocery worker class with the wage notices required by NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

60. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the non-exempt grocery worker class are entitled to statutory penalties of fifty dollars for each work day that Defendant failed to provide Plaintiff and the non-exempt grocery worker class with wage

13

notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law- Failure to Provide Wage Statements
**(Brought on behalf of Plaintiff and the non-exempt grocery worker class)**

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendant has willfully failed to provide Plaintiff and the non-exempt grocery worker class with accurate statements of wages as required by NYLL, Article 6, § 195(3), in English or in their primary language, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

63. Through their knowing or intentional failure to provide Plaintiff and the non-exempt grocery worker class with the wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

64. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the non-exempt grocery worker class are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendant failed to provide Plaintiff and the non-exempt grocery worker

14

class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendant SNL Meat and Produce Corp. d/b/a Key Food 1588 as follows:

a. Designation of the action as a collective action on behalf of the FLSA Collective members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of the action, and permitting them to assert timely FLSA claims in the action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Damages for unpaid overtime due to Plaintiff and the FLSA Collective for the time period from three years prior to the filing of this Complaint in this case to the date of judgment;

c. Liquidated damages for the Plaintiff and the FLSA Collective for the time period from three years prior to the filing of this Complaint in this case to the date of judgment;

d. Certification of the Rule 23 non-exempt grocery worker class and NYLL annual notice and wage statement notice class pursuant to Rule 23;

e. Designation of Plaintiff as class representative of the Rule 23 Classes and counsel of record as Class Counsel;

f. Damages for unpaid overtime due to Plaintiff and the Rule 23 non-exempt grocery worker class in an amount to be determined at the trial of the action,

      along with liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

g. Statutory penalties of fifty dollars for each work day that Defendant has failed to provide Plaintiff and the class members with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

h. Statutory penalties of two hundred fifty dollars for each work day that Defendant failed to provide Plaintiff and the class members with accurate wage statements, or a total of five thousand dollars, as provided by for by NYLL, Article 6 § 198;

i. Prejudgment and post-judgment interest;

j. Reasonable attorneys' fees and costs of the action;

k. For such other further and different relief as this Court deems just and proper.


Dated: May 26, 2020
New York, New York


                                        **BERANBAUM MENKEN LLP**

                                        By: */s/ Bruce E. Menken*
                                        Bruce E. Menken
                                        80 Pine Street, 33rd Floor
                                        New York, NY 10005
                                        (212) 509-1616
                                        (973) 432-1122 (Please use during Covid19 Period)
                                        bmenken@nyemployeelaw.com

                                        *Attorneys for Plaintiffs*